# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| GREGORY L. CRIPE and TAMMY CRIPE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CAUSE NO. 3:12CV829-PPS |
| | ) |
| HENKEL CORPORATION and NATIONAL STARCH & CHEMICAL CO., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

On January 5, 2017, the summary judgment motion of defendants Henkel Corporation and National Starch & Chemical Co. was granted, and judgment was entered accordingly. [DE 65, 66.] As prevailing parties, the defendants timely filed a bill of costs on January 19, 2017. [DE 67.] Now before me are objections by plaintiffs Gregory and Tammy Cripe, and defendants' response, to which no reply has been filed.

The Cripes' filing enumerates four objections, each stated in a single sentence with no supporting explanation, argument or authority. I could overrule these objections in their entirety for their failure on their face to meet the Cripes' burden of demonstrating the impropriety of any of the costs claimed by defendants. "There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). The plaintiffs' merely conclusory objections do not persuade me that the costs the defendants seek were not

reasonable and necessary for the defense of the action. In addition, I will briefly address the skeletal substance of each objection

The first objection is that the bill of costs was prematurely filed before the expiration of the time for filing a notice of appeal (which the Cripes have subsequently done). To the contrary, N.D.Ind. L.R. 54-1(a) requires a bill of costs to be filed "within 14 days after final judgment is entered." *See also National Organization for Women, Inc. v. Scheidler*, 750 F.3d 696, 698 (7th Cir. 2014). The objection is overruled.

Next the Cripes summarily object that fees are sought for transcripts that were unnecessarily obtained. The third objection is that witness fees were unnecessary. Henkel and National Starch have readily demonstrated the reasonableness and necessity of the five depositions for which they seek transcript fees of $3,666.85 and witness fees of $244.80. In this toxic tort case based on Gregory Cripe's alleged exposure to a toxic substance at work, it was entirely appropriate for the defense to have deposed both plaintiffs, several of Gregory's co-workers, and the defense expert. The witness fees and transcript costs were reasonable and necessary.

Finally, the Cripes object that fees for "exemplification" and copies were not necessarily expended. The thorough itemization provided in support of the bill of costs provides more than adequate justification for the copies made in-house by defense counsel and costs incurred for reproduction of records and materials obtained from outside sources, such as Gregory Cripe's medical records. [DE 67-1 at 2-3.] Over the

course of this four-year litigation, total copying costs of just over $1,100 are not shown to be unreasonable or unnecessary.

**ACCORDINGLY:**

Plaintiffs Gregory and Tammy Cripe's Objections to the bill of costs [DE 69]are OVERRULED. The Clerk shall tax the defendants' costs as requested in the bill of costs [DE 67].

**SO ORDERED.**

**ENTERED** this 21st day of February, 2017.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT